**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

JOSEPH MULER JEAN,
Petitioner,
v.
CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; et al.,
Respondents.

Case No.: 26cv4995 DMS (DDL)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return asserting the Court lacks jurisdiction over Petitioner's claims, and even if the Court had jurisdiction, Petitioner is lawfully detained under 8 U.S.C. § 1225.

The Court has rejected Respondents' jurisdictional arguments in previous cases, and does so again here. *See Garcia v. Noem*, 803 F. Supp. 3d 1064, 1073–74 (S.D. Cal. 2025); *Medina-Ortiz v. Noem*, No. 25-CV-02819, 2025 WL 4052326, at *2 (S.D. Cal. Oct. 30, 2025).

On the merits, the Court disagrees with Respondents that providing Petitioner with a Notice of Appear ("NTA") at the time of his re-detention satisfies due process. *See Kozlenkko v. Hernandez*, No. C26-3147-KKE, 2026 WL 2905404, at *4-6 (W.D. Wash.

Sept. 28, 2026) (rejecting argument that service of NTA at time of re-detention rendered revocation of parole lawful). Rather, the Court finds, based on the factors set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that Petitioner was re-detained in violation of his due process rights.

The Court also disagrees with Respondents' argument that the revocation of Petitioner's parole renders him subject to mandatory detention under § 1225. *See Fernandez v. Blanche*, No. 2:26-cv-00417-APG-BNW, 2026 WL 1493877, at *2 (D. Nev. May 28, 2026) (rejecting argument that revocation of petitioner's parole rendered him subject to § 1225 when there was no evidence or argument that petitioner was ever detained under § 1225).

Accordingly, Respondents shall release Petitioner from custody forthwith, and shall not re-detain him without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove there are material, changed circumstances related to flight risk or danger to the community that warrant Petitioner's re-detention. The parties shall file a Joint Status Report within 72 hours of this Order's filing, confirming Petitioner has been released. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: October 14, 2026

Hon. Dana M. Sabraw
United States District Judge